# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DIXIE GRIFFITH,** *et al.*,

      Plaintiffs,

                                       **Civil Action 2:17-cv-763**
                                       **Judge George C. Smith**
     v.                                **Magistrate Judge Chelsey M. Vascura**

**TRACTOR SUPPLY COMPANY,** *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation on the Court's September 20, 2018 and November 29, 2018 Show Cause Orders. (ECF Nos. 33 and 38.) For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' action be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## I.

This action was removed to this Court on August 29, 2017. (ECF No. 1.) On September 20, 2018, the Court ordered Plaintiffs to show cause, within fourteen (14) days, why their claims against Defendant Gregory Smith should not be dismissed for failure to file a motion for default judgment against him. (ECF No. 33.) On October 22, 2018, Plaintiffs' attorney filed an amended motion to withdraw as counsel, asserting that he had lost contact with Plaintiffs despite his repeated efforts to communicate with them. (ECF No. 36.) On November 13, 2018, the Court granted Plaintiffs' attorney's Motion to Withdraw as Counsel and scheduled a telephonic status conference for November 29, 2018. (ECF No. 37.) The Court directed the

Clerk to send a copy of the November 13, 2018 Order to Plaintiffs and specifically advised that "Plaintiffs, who are no[w] proceeding pro se, must appear for the conference and are advised that failure to do so could result in sanctions, including the sanction of dismissal for failure to prosecute." (*Id.* at 2.) Plaintiffs failed to call in for the November 29, 2018 telephonic status conference. (ECF No. 38.) The Court therefore ordered Plaintiffs to show cause why they failed to call in for the conference within fourteen days, again cautioning Plaintiffs that "failure to respond to th[e] Show Cause Order may result in sanctions, including the sanction of dismissal of this action for failure to prosecute." (ECF No. 38 at 2.) To date, Plaintiffs have not responded to either the September 20, 2018 Show Cause Order or the November 29, 2018 Show Cause Order. (ECF Nos. 33 and 38.)

## II.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiffs' action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in

2

deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, Plaintiffs failed to comply with the Court's express orders that they show cause for (1) failure to move for default judgment against Defendant Gregory Smith, and (2) failure to call in for the November 29, 2018 telephonic status conference. Moreover, the Court explicitly cautioned Plaintiffs on multiple occasions that failure to comply with the Court's Orders would result in dismissal of this action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiffs' failure to timely comply with clear Orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiffs have missed deadlines and disregarded Court orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE